IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEVIN D. MARLOWE,** | : CIVIL ACTION NO. 1:22-CV-1003 |
| Plaintiff | : (Judge Conner) |
| v. | : |
| **ISABELLA CASILLAS GUZMAN,** *et al.*, | : |
| Defendants | : |

### MEMORANDUM

Before the court is the report of Magistrate Judge William I. Arbuckle recommending the court grant the motion to dismiss by defendant, former United States Senator Patrick Joseph Toomey, Jr. ("Senator Toomey"), and dismiss *pro se* plaintiff Kevin D. Marlowe's complaint with prejudice with respect to Senator Toomey. Marlowe has filed an objection to the report. For the reasons that follow, we will adopt the report and overrule Marlowe's objection thereto.

### I. Background

Judge Arbuckle's report thoroughly and accurately summarizes the procedural history of this lawsuit and the allegations of Marlowe's complaint. In the interest of judicial economy, we incorporate the background and procedural history section of the report into this memorandum as if fully set forth herein. On March 13, 2023, Marlowe filed an objection to Judge Arbuckle's report. The court issues this memorandum to address Marlowe's objection.

## II. Legal Standards

### A. Report and Recommendation

When a party objects to a magistrate judge's report and recommendation, the district court undertakes *de novo* review of the contested portions of the report. See E.E.O.C. v. City of Long Branch, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); see also FED. R. CIV. P. 72(b)(3). We afford "reasoned consideration" to any uncontested portions of the report before adopting them as the decision of the court. City of Long Branch, 866 F.3d at 100 (quoting Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987)).

### B. Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. See FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31

(3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded.  Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief."  Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556.  A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

### III.   Discussion

We find Judge Arbuckle's analysis to be well-reasoned and supported by the applicable law, and Marlowe's objection to be without merit.  We note as an initial matter that Marlowe's objection arguably is insufficient to trigger *de novo* review; our Local Rules of Court require that objections "specifically identify the portions of the . . . report to which objection is made and the basis for such objections," see M.D. PA. L.R. 72.3, and Marlowe's filing, while styled as an objection, largely fails to

3

speak to the report or its analysis at all.¹  In any event, in deference to Marlowe's *pro se* status, the court has reviewed each of the report's conclusions *de novo*.  We agree with and will adopt Judge Arbuckle's analysis in full as to Senator Toomey's motion to dismiss.  We also agree with and will adopt Judge Arbuckle's conclusion that leave to amend would be futile, as many of the deficiencies in Marlowe's claims are legal in nature and therefore incurable.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

We write briefly to address an additional aspect of Marlowe's objection not squarely addressed by the report; namely, Marlowe's arguments regarding what he perceives to be Senator Toomey's "criminal conduct" and the failure of Judge Arbuckle or any other judge of this court to hold Senator Toomey to account for that conduct.  (See, e.g., Doc. 84 at 6).  Any such claim, even if properly pled by Marlowe, would be entirely without merit because, as a private citizen, Marlowe cannot bring criminal claims against Senator Toomey or anyone else.  See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (concluding "a private citizen lacks a judicially cognizable interest in the prosecution . . . of another").

---

¹ The only aspect of the report that Marlowe squarely addresses is its conclusion that Marlowe failed to effect proper service of his complaint on the Attorney General of the United States.  Marlowe suggests that his *pro se* status relieves him of any obligation to comply perfectly with the Federal Rules of Civil Procedure.  (See Doc. 84 at 4).  Even if Marlowe were correct—and he is not—his claims against Senator Toomey are deeply flawed in several respects unrelated to improper service.

4

**IV.     Conclusion**

      We will adopt Judge Arbuckle's report and grant Senator Toomey's motion to dismiss Marlowe's claims against him.  An appropriate order shall issue.

          /S/ CHRISTOPHER C. CONNER
          Christopher C. Conner
          United States District Judge
          Middle District of Pennsylvania

Dated:     March 22, 2023