## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN D. MARLOWE, | : | CIVIL ACTION NO. 1:22-CV-1003 |
| | : | |
| Plaintiff | : | (Judge Neary) |
| | : | |
| v. | : | |
| | : | |
| ISABELLA CASILLAS GUZMAN, et al., | : | |
| | : | |
| | : | |
| Defendants | : | |

### MEMORANDUM

Presently before the court is a Report and Recommendation ("R&R") (Doc. 94) of Magistrate Judge Phillip J. Caraballo recommending this case be dismissed without prejudice as moot. Plaintiff Kevin D. Marlowe, proceeding *pro se*, filed timely objections to the R&R. (Doc. 95). As such, this court must review Judge Caraballo's R&R *de novo*. E.E.O.C. v. City of Long Branch, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).

Marlowe commenced this action after the Small Business Administration ("SBA") denied his request of forgiveness for a Paycheck Protection Program ("PPP") loan. (Doc. 1 at 1). He also brought suit against then-Senator Patrick Toomey for failing to adequately help him in his quest to get his PPP loan forgiven. (Id. at 19). Marlowe's requested relief was full forgiveness of his PPP loans, removal of debarments which occurred as a result of his request for forgiveness being denied, a letter from Senator Toomey, and the payment of all court costs. (Id.). The claims against Senator Toomey were dismissed with prejudice by a prior order of the court. (Doc. 90).

Since then, Marlowe's loans have been forgiven and his debarments removed. (See Doc. 94 at 4). In his objections, Marlowe does not deny that he received this relief. (See generally, Doc. 95). Rather, the thrust of his objections is that he still must pay court costs and that Senator Toomey was wrongfully dismissed from this case. (Id. at 2-7). As to the latter, the dismissal of Senator Toomey was not part of Judge Caraballo's R&R and so that decision is not subject to *de novo* review. Moreover, Marlowe argues Senator Toomey violated several criminal statutes and that is why he should be reinstated as a party to this case. (Id. at 6). Yet, it is well-settled law that criminal statues generally do not create a private right of action. Brown v. City of Philadelphia Off. of Hum. Res., 735 F. App'x 55, 56-57 (3d Cir. 2018) (nonprecedential); see also Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone."). Therefore, in addition to what this court has already found, (Doc. 89), there is no reason to reinstate Senator Toomey in this action.

As to costs in general, Marlowe argues it is unfair for him to foot the bill for vindicating his rights. However, he cites no authority allowing this court to award him costs. (Doc. 95 at 2-5). Additionally, "[w]hen there is no ongoing or threatened injury that the court can remedy, neither a request for attorneys' fees and costs nor a request for declaratory relief can stave off mootness." Alpha Painting & Constr. Co., Inc. v. Del. River Port Auth. of Pa. N.J., 822 F. App'x 61, 66-67 (3d Cir. 2020) (citations omitted) (nonprecedential). Thus, Marlowe's demand for a waiver of costs

and fees does not create a live controversy where none otherwise exists, and Judge

Caraballo is correct that this case is moot.

Senator Toomey has been dismissed from this case and Marlowe has received

the other relief he requested in his complaint. (See Doc. 1 at 19). Marlowe's case is

therefore moot, and he fails to identify any statute or case supporting his position

that he is due costs. Judge Caraballo's R&R shall therefore be adopted, and this

case shall be dismissed without prejudice as moot. An appropriate order shall issue.


/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania


January 14th, 2026